IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| JACQUELINE L. HAMLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. MJG-02-CV-516 |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

STIPULATED ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIAL

Whereas, plaintiff Jacqueline L. Hamlin ("plaintiff") and defendant Home Depot U.S.A., Inc. ("defendant"), by and through their undersigned counsel, hereby stipulate as that certain discovery material be treated as confidential;

Accordingly, it is this 16th day of October, 2002, by the United States District Court for the District of Maryland, ORDERED:

1. <u>Designation of Discovery Materials as Confidential</u>. All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or



1

other confidential research, development, or commercial information. Except for documents produced for inspection in their original form, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection in their original form, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

      (b)    Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within 10 business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL", as described above, shall also be deemed to be designated as "CONFIDENTIAL".

      (c)    Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). Such documents: (a) shall not be delivered, exhibited, disclosed, made available or otherwise used by the receiving parties or their counsel in any collateral proceeding or in _any_ other action; (b) shall not be delivered, exhibited, disclosed, made available or otherwise revealed to any person or

governmental agency (except as provided by the terms of paragraphs 1(d)(i-iv) below); and (c) shall not be used by any person associated with the receiving parties in any way not necessary to the conduct of this litigation.

    (d)    The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

        (i)    Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

        (ii)    Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

        (iii)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this order by executing a declaration, in the form attached as exhibit A, agreeing to be bound by the terms of this Order.

        (iv)    Disclosure may be made to experts employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of the Order and agree to be bound by the terms of this

Order by executing a declaration, in the form attached as Exhibit A, agreeing to be bound by the terms of this Order.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. <u>Confidential Information Filed with Court</u>. To the extent that any materials subject to this Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____", together with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 4 of this Order.

3. <u>Party Seeking Greater Protection Must Obtain Further Order</u>. No information may be withheld from discovery on the ground that the material to be disclosed requires

4

protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4. <u>Challenging Designation of Confidentiality</u>. This Order places no restrictions on the parties' disclosure or use of their own confidential documents and information. If a party objects to the confidential designation attached to a document by the other party, then the party so objecting shall notify the other party and schedule a discovery conference to determine whether the dispute regarding the proprietary of the confidentiality designation can be resolved. If the dispute regarding the proprietary of the confidentiality designation cannot be resolved through a discovery conference, a designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5. <u>Return of Confidential Material at Conclusion of Litigation</u>. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be destroyed. Within 10 days of the conclusion of the litigation, plaintiff's counsel will provide defendant with written certification that such material was destroyed. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals. Also, at the conclusion of this litigation, this Order shall continue to be binding on the parties hereto, including specifically without limitation, the plaintiff, defendant, and their undersigned counsel and upon all person to whom the documents or information described in paragraph 1 have been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of this Order.

6. <u>Application of Confidentiality Order</u>. The terms of this Order, including specifically all restrictions concerning the purpose and manner of disclosure, the use of the information, and the persons to whom disclosure may be made, shall apply in full to each person, including any expert, who receives any documents or information described in paragraph 1.

7. <u>Non-Waiver of Right To Object</u>. Neither this Order nor the production of documents in discovery shall in any way constitute a waiver of a party's right to object to the admissibility of such documents at trial, and the parties expressly reserve all rights to object.

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

By: _____
Roxane Sokolove Marenberg
Federal Bar No. 15154
Richard W. Black
Federal Bar No. 15156
1333 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 887-4000 (phone)
(202) 887-4288 (fax)

Attorneys for defendant HOME DEPOT U.S.A., INC.

Dated: October 15, 2002

OCT-15-2002 10:56A FROM:LYNN C  ILLIAMSON P  410 662 8407          T.  ..__8874288          P:2/2

Lynn C. Williamson, Esq.

By: _____*Lynn C. Williamson*_____
Lynn C. Williamson
2225 St. Paul Street
Baltimore, Maryland 21218
(410) 662-8407 (phone)
(410) 366-6101 (fax)

Attorney for Plaintiff Jacqueline M. Hamlin

Dated: October 14, 2002

_____*Marvin J. Garbis*_____
The Honorable Marvin J. Garbis
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2002

PAGE 2/2 * RCVD AT 10/15/2002 10:59:21 AM [Eastern Daylight Time] * SVR:/18 * DNIS:24288 * CSID:410 662 8407   * DURATION (mm-ss):00-44

<u>Exhibit A to Stipulated Order Regarding Confidentiality of Discovery Material</u>

I have read the Stipulated Order Regarding Confidentiality of Discovery Material in the case captioned <u>Jacqueline L. Hamlin v. Home Depot U.S.A., Inc.</u>, Case No.: MJG-02-CV-516. I fully understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the District of Maryland for purposes of enforcement of the Order.

Dated: _____   Signed: _____